IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 08 C 0163 |
| | ) | |
| FAITHORN TRANSPORT, INC., | ) | JUDGE RUBEN CASTILLO |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE AND FOR
ENTRY OF DEFAULT AND JUDGMENT**

NOW COME Plaintiffs, TERRENCE J. HANCOCK, *et al.* ("Teamsters Local 731 Welfare and Pension Funds" or "Funds"), by their attorneys, and move this Court for the entry of an order reopening this action and entering default and judgment against Defendant, FAITHORN TRANSPORT, INC., an Illinois corporation ("Faithorn"). In support of their Motion, Plaintiffs state as follows:

1.	Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans known as the Teamsters Local 731 Welfare and Pension Funds, brought this action against Faithorn alleging that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Teamsters Local 731, and the related Agreements and Declarations of Trust which govern the Plaintiff Funds. Specifically, Plaintiffs allege that Defendant failed and refused to submit contribution reports and remit payment of fringe benefit contributions due for work performed on its behalf by participants of the Plaintiff Funds. Plaintiffs filed the lawsuit pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. At all relevant times, as of the filing of this document with the Court, Defendant Faithorn has been an Illinois corporation in good standing (a copy of the Corporation File Detail Report from the Illinois Secretary of State Office's website: http://www.cyberdriveillinois.com is attached hereto as Exhibit A).

3. On January 11, 2008, this Court entered an order directing Defendant to submit to an audit of its payroll books and records for the time period January 1, 2003 forward. Defendant was directed to timely file its answer or otherwise plead to Plaintiffs' complaint. The case was administratively dismissed without prejudice, and the Court retained jurisdiction to enforce the January 11, 2008 order and enter any appropriate judgment (a copy of the January 11, 2008 Minute Order is attached hereto as Exhibit B).

4. On February 5, 2008, the Summons, Complaint, and Order dated January 11, 2008, were served on the Illinois Secretary of State, Department of Business Services, because Faithorn's registered agent could not, with reasonable diligence, be found at the registered office of record in Illinois (a copy of the Summons and Affidavit of Compliance for Service on Secretary of State is attached hereto as Exhibit C). Pursuant to Federal Rule of Civil Procedure 12(a), Defendant's answer was due on February 25, 2008.

5. On March 5, 2008, Plaintiffs filed a motion for an order setting a hearing for rule to show cause why Patrick Burnett, in his capacity as an agent of Defendant, should not be held in contempt for failing to comply with the Court's order directing Defendant to comply with an audit.

6.   On April 21, 2008, Patrick Burnett, who is neither an attorney nor a party to this lawsuit, submitted a response to the Court that simply stated, "I can't afford a lawsuit and I have agreed to the audit" (a copy of the response is attached hereto as Exhibit D).

7.   The timing of the response and reference to an audit indicate that the response was directed to Plaintiffs' contempt motion against Mr. Burnett – not an answer to the lawsuit. Therefore, Faithorn failed to plead or otherwise defend against Plaintiffs' lawsuit and entry of default is therefore appropriate under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55 (a).

8.   Even if the Court determines that the response is directed to the lawsuit, entry of default is equally appropriate. The response is untimely despite the Court's order directing Faithorn to "timely answer or otherwise plead to the complaint" and the clear notice on the Summons that required a response to the lawsuit within 20 days after service of the Summons. See, Exhibits A and B. Specifically, the single line response fifty-six (56) days too late under Federal Rule of Civil Procedure 12(a).

7.   Furthermore, to date, Faithorn has not retained counsel. The response that Mr. Burnett filed with the Court confirms that he was attempting to represent Faithorn on a pro se basis. However, "[i]t is well-settled law that corporations cannot appear pro se." See, Scandia Down Corp. v. Euroquilt, Inc., 772 F. 2d 1423, 1427 (7th Cir. 1985). Accordingly, Defendant has failed to plead or otherwise defend against Plaintiffs' lawsuit as required under the Federal Rules of Civil

Procedure. Fed. R. Civ. P. 12(a)-(b). An entry of default against Defendant is appropriate. Fed. R. Civ. P. 55(a).

8. On May 1, 2008, Plaintiffs' auditors completed a review of the payroll books and records of Defendant for the time period January 1, 2005 through December 31, 2007 (a copy of the audit report is attached hereto as Exhibit E).

9. On June 13, 2008, Plaintiffs' counsel sent a copy of the audit report and a letter to Mr. Burnett, advising him of the amounts indicated as due in the audit report and request for payment of the amounts due to the Funds (a copy of the letter is attached hereto as Exhibit F).

10. To date, Faithorn has neither responded to the audit findings nor communicated with the Funds regarding any disputes with the audit report.

11. The audit findings indicate that the Defendant is delinquent in contributions to the Funds in the following amounts:

| Fund | Contributions |
|---|---|
| Welfare Fund | $9,517.87 |
| Pension Fund | $7,327.21 |

(See Affidavit of Terrence J. Hancock).

12. The following amounts are also due to the Funds for liquidated damages assessed on the unpaid contributions

| Fund | Liquidated Damages |
|---|---|
| Welfare Fund | $1,903.57 |
| Pension Fund | $1,465.44 |

4

(Hancock Aff. Par. 8).

13. The following amounts are due to the Funds for interest assessed on the unpaid contributions:

| Fund | Interest |
|---|---|
| Welfare Fund | $1,432.29 |
| Pension Fund | $1,089.60 |

(Hancock Aff. Par. 9).

14. Plaintiffs' auditing firm of Legacy Professionals, LLP charged Plaintiff Welfare Fund $936.50 and Plaintiff Pension Fund $728.39 to perform the audit examination and complete the audit report (Hancock Aff. Par. 10).

15. Plaintiffs have incurred costs totaling $434.00 and reasonable attorneys' fees totaling $1,507.50 (See Affidavit of Catherine M. Chapman).

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order reopening this action, enter default and judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant, FAITHORN TRANSPORT, INC., an Illinois corporation, to include the amount of $16,845.08 for contributions, $3,369.01 for liquidated damages, $2,521.89 for interest, plus attorneys' fees in the amount of $1,507.50 and costs of $434.00, for a total of $26,342.37.

B. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Beverly P. Alfon

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion to Reopen Case and for Entry of Default and Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 6th day of August 2008:

    Mr. Patrick A. Burnett, Registered Agent
    Faithorn Transport, Inc.
    25414 S. State Street
    Crete, IL   60417


            /s/   Beverly P. Alfon


Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\731exc\Faithorn\#20647\motion to reopen and enter default judgment.bpa.df.wpd