

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, et al., | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) |
| vs. | ) NO. 08 C 0163 |
| | ) |
| FAITHORN TRANSPORT, INC., | ) JUDGE RUBEN CASTILLO |
| an Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

## **JUDGMENT ORDER**

This matter coming on to be heard upon Plaintiffs' Motion to Reopen Case and for Entry of Default and Judgment, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

1. It has jurisdiction of the subject matter herein and of the parties hereto.

2. The Defendant is bound by the terms of the collective bargaining agreement referred to in the Complaint of Plaintiffs.

3. The Defendant is obligated to make contributions to each of the Plaintiff Funds in accordance with collective bargaining agreement.

4. The Defendant is bound by all the terms and conditions set forth in the Agreements and Declarations of Trust governing the Plaintiff Funds.

5. On May 1, 2008, Plaintiffs' auditors, Legacy Professionals, LLP, conducted an audit of Defendant's payroll books and records for the time period January 1, 2005 through December 31, 2007 for the purpose of taking an account as to all employees of the Defendant covered by the

collective bargaining agreement referred to in the Complaint of the Plaintiffs to determine amounts due to Plaintiffs.

6. Upon such audit, it is determined that there is due and owing, for such audited period, to Plaintiffs, the amounts of $16,845.08 for contributions, $3,369.01 for liquidated damages and the additional sum of $2,521.89 for interest, or a total of $22,735.98.

7. Plaintiffs are entitled to make a further audit of the payroll books and records to cover periods not previously audited by Plaintiffs.

8. Defendant has failed to timely make all contributions required to be made to the Plaintiff Funds; as provided in the Agreements and Declarations of Trust governing the respective Funds, Plaintiffs are entitled to recover:

    (a) the cost of the audit of the payroll books and records of Defendant;

    (b) a sum equal to twenty (20%) percent of the amount determined to be due for liquidated damages;

    (c) a sum equal to one (1%) percent per month, compounded monthly, due for interest; and

    (d) costs and expenses of the Trustees, including their reasonable attorneys' fees.

9. Plaintiffs have expended the total sum of $1,664.89 for the purpose of making an audit of the payroll books and records of the Defendant.

10. That there is no just cause for delay in the entry of a Judgment Order as to the sum of $26,342.37 owed to the Plaintiffs from Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A.  That Plaintiffs recover from the Defendant, FAITHORN TRANSPORT, INC., an Illinois corporation, the sum of $16,845.08 for contributions, $3,369.01 for liquidated damages and the additional sum of $2,521.89 for interest, or a total sum of $22,735.98.

B.  That Plaintiffs recover from the Defendant, FAITHORN TRANSPORT, INC., an Illinois corporation, the costs of these proceedings to include the sum of $1,664.89 expended by Plaintiffs for the purpose of making the audit in this cause and the further sum of $434.00 for costs and $1,507.50 as and for Plaintiffs' just and reasonable attorneys' fees.

C.  That Plaintiffs recover from the Defendant, FAITHORN TRANSPORT, INC., an Illinois corporation, the total amount of **$26,342.37**, which includes contributions, liquidated damages, interest audit fees and costs and attorneys' fees.

D.  Plaintiffs are awarded execution for the collection of the judgment and costs granted hereunder.

E.  The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: 8/20/08